IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VICTOR SMITH, | ) |
|     PLAINTIFF, | ) ) ) |
| v. | ) CASE NO.: 3:05-cv-1186-MEF ) |
| EURO-PRO OPERATING L.L.C., *et al.*, | ) ) |
|     DEFENDANTS. | ) |

## **ORDER**

This cause is before the court on the Motion for Leave to Amend (Doc. # 9) filed on May 30, 2006 by counsel for Plaintiff. This is an employment discrimination action which Plaintiff filed against his former employer on December 14, 2005. At the time of the initial pleading, Plaintiff named the following defendants as his former employer: Euro-Pro Operating, L.L.C., Euro-Pro Management Company Corp., and STANRO-EP Corp. On January 9, 2006, Defendants filed an Answer. On the first page of this document, Defendants explained that Euro-Pro Management Services, Inc. was improperly designated in the Complaint as Euro-Pro Management Company Corp. and that

> Euro-Pro Management Services, Inc. employed Plaintiff Victor Smith and is a proper party Defendant in this case. Although EuroPro Operating L.L.C. and STANRO-EP are entities affiliated with Euro-Pro Management Services, Inc., neither of those entities employed Plaintiff and both should be dismissed from this lawsuit.

(Doc. # 4 at p.1 & n.1).

Despite this clear notice from Defendant regarding the improper designation of the

name of Plaintiff's former employer and the proper defendant to this action, Plaintiff's counsel made no effort to amend the Complaint for several months. Indeed, Plaintiff's counsel waited until more than a month after the court-imposed deadline for amending the pleadings in this case to even seek leave to file an amended complaint.[1] Importantly, Plaintiff's Motion for Leave to Amend (Doc. # 9) simply seeks leave to file the amendment and makes no explanation of any reason the amendment should be allowed.

Federal Rule of Civil Procedure 16(b) provides that a schedule, such as the one this court set by entering the Uniform Scheduling Order in this case, "shall not be modified except upon a showing of *good cause*" and by leave of court. Fed. R. Civ. P. 16(b) (emphasis added). This means that in making a motion for leave to amend a pleading after the deadline set by this Court's scheduling order, a plaintiff must show good cause exists for his untimely attempt to amend his complaints. *See Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998) (applying the Rule 16 good cause standard rather than the more liberal standard of Rule 15 to attempt to amend pleading after deadline set by court's scheduling order is appropriate).

On the record before this court, it cannot be said that Plaintiff has established good

---

[1] On February 8, 2006, this court entered a Uniform Scheduling Order (Doc. # 8) pursuant to Federal Rule of Civil Procedure 16. Section 4 of this Uniform Scheduling Order clearly states that any motions to amend the pleadings and to add parties shall be filed no later than March 24, 2006. This deadline is not significantly different from the one proposed by the parties in their Report of Parties' Planning Meeting (Doc. # 7) pursuant to Federal Rule of Civil Procedure 26(f).

cause for leave to file the amendment.  Indeed, given the procedural history of this case, the court suspects that this task will be quite difficult.  Nevertheless, it is hereby ORDERED as follows:

    1.  On or before June 8, 2006, Plaintiff shall file a brief in support of his Motion for Leave to Amend establishing *good cause* for the untimely amendment and for the delay in seeking it.

    2.  On or before June 15, 2006, Defendants shall file any response they have to Plaintiff's motion or brief.

    DONE this the 1st day of June, 2006.

                                                /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE