IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VICTOR SMITH, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    CASE NO: 3:05 CV 1186 |
| | ) |
| EURO-PRO OPERATING, L.L.C., | ) |
| EURO-PRO MANAGEMENT COMPANY | ) |
| CORP. and STANRO-EP CORP., | ) |
| | ) |
|    Defendants. | ) |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOW Defendant Euro-Pro Management Services, Inc. and answers Plaintiff Victor Smith's First Amended Complaint in the numerical order set forth therein as follows:

1. Defendant admits that Plaintiff purports to bring claims pursuant to Title VII and 42 U.S.C. § 1981 and that Plaintiff purports to bring federal questions in this Court.

2. Admitted.

3. Admitted.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Defendant is without sufficient information or knowledge at this time to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies the allegations.

## COUNT I

14. Defendant adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1-13 above as if fully set forth herein.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

With regard to the Paragraph beginning with "WHEREFORE," Defendant denies that Plaintiff is entitled to the relief sought or any other relief in this action.

## COUNT II

21. Defendant adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1-20 above as if fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

With regard to the Paragraph beginning with "WHEREFORE," Defendant denies that Plaintiff is entitled to the relief sought or any other relief in this action.

## ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

2. Unless expressly admitted, Defendant denies the material allegations of Plaintiff's Complaint and demands strict proof thereof.

3. All of Defendant's employment decisions, including his termination, were made for legitimate, non-discriminatory reasons.

4. In order to avoid waiver, Plaintiff has failed, in whole or in part, to timely exhaust his requisite administrative remedies. As a result, Plaintiff's claims, in whole or in part, are due to be dismissed as untimely.

5. In order to avoid waiver, Plaintiff's claims are barred by estoppel, laches, unclean hands, and waiver.

6. In order to avoid waiver, Plaintiff's claims are barred by res judicata and/or collateral estoppel.

7. Plaintiff has failed and neglected to use reasonable means to protect himself from loss and/or to minimize the alleged loses complained of in the Complaint.

8. Defendant denies that it was motivated by a discriminatory animus when it took any employment action, including termination, against Plaintiff. Defendant asserts, however, that it would have made the same decision irrespective of any discriminatory motive. *See Price Waterhouse vs. Hopkins,* 490 U.S. 228, 109 S. Ct. 1775 (1989).

9. Plaintiff is not entitled to punitive damages under federal law.

10. Defendant may not be held liable for punitive damages as Defendant has undertaken a good faith effort to comply with 42 U.S.C. § 1981, Title VII and related laws and has never acted with malice or with reckless indifference to federally protected

or related civil rights. *See Kolstad vs. American Dental Ass'n.*, 119 S. Ct. 2118, 2128-29 (1999).

11.  In order to avoid waiver, Defendant states that Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations and/or are untimely.

12.  At the time of filing of this answer, Defendant has neither commenced nor completed discovery in this cause and it respectfully reserves the right to amend its answer by adding any or all affirmative defenses or claims, when and if it becomes appropriate.

>
> Respectfully submitted,
>
> */s/ Warren B. Lightfoot, Jr.*
> _____
> Warren B. Lightfoot, Jr.
> Attorney for Defendant
> Euro-Pro Management Services, Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 26, 2006, a copy of the foregoing pleading was filed electronically with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following:

John I. Cottle, III
Bowles & Cottle
P.O. Box 780397
2 So. Dubois Avenue
Tallassee, Alabama  36078

                            */s/ Warren B. Lightfoot, Jr.*
                            _____
                            OF COUNSEL